**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charlotte Mance,<br><br>    Plaintiff,<br><br>vs.<br><br>Arizona State University; The Arizona Board of Regents; the State of Arizona; Bruce Rod, et al.,<br><br>    Defendants. | No. CV-12-901-PHX-LOA<br><br>**ORDER** |

*Pro se* Plaintiff commenced this lawsuit on April 30, 2012. (Doc. 1) On the same day, the case was randomly assigned to U.S. Magistrate Judge Lawrence O. Anderson. (Doc. 3) On May 4, 2012, Judge Anderson issued an order that, on or before May 14, 2012, Plaintiff must file an amended complaint, in compliance with Rule 8(a), Fed.R. Civ.P., and LRCiv 7.1, which must contain a short and plain statement of her factual allegations against the Defendants, specify the District Court's jurisdiction, and clarify the federal or state statute(s), if any, upon which Plaintiff relies to support her claim(s). (Doc. 4) Also on May 4, 2012, Judge Anderson issued a Notice of Assignment and Order, directing Plaintiff to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a U.S. district judge on or before May 14, 2012. (*Id.*)

On May 4, 2012, Judge Anderson also took under advisement Plaintiff's motion for leave to proceed *in forma pauperis* because Plaintiff failed to fully answer all the questions on her Application. Plaintiff was ordered to file an amended application to

proceed *in forma pauperis* on or before May 17, 2012, which must be fully completed and signed under penalty of perjury. (Doc. 5)

In cases wherein a plaintiff, as here, is proceeding *in forma pauperis*, a district court is statutorily required to screen cases and must dismiss the case at any time if the court determines that, among other things, the allegation of poverty is untrue or the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) (the district court "shall dismiss a case at any time if it determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."). "[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *see also Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Jones v. Social Sec. Admin.*, 2007 WL 806628 (E.D. Cal. 2007). A complaint is legally frivolous within the meaning of § 1915 "where it lacks any arguable basis either in law or in fact." *Denton*, 504 U.S. at 31.

On May 18, 2012, Judge Anderson issued an Order to Show Cause regarding Plaintiff's failure to comply with Judge Anderson's May 4, 2012 orders to either voluntarily consent to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1) or elect to proceed before a U.S. district judge, file an amended complaint, and file an amended application to proceed *in forma pauperis*. (Doc. 6)  Plaintiff was ordered to show cause in writing on or before May 25, 2012, why this case should not be dismissed without prejudice, or why sanctions should not be imposed for her failure to comply with court orders.

In this May 18, 2012 Order to Show Cause, Judge Anderson warned Plaintiff that, pursuant to Rule 41(b), Fed. R. Civ. P., and *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), trial courts have the inherent power to control their dockets and, in the exercise of that power, may impose sanctions including, where appropriate, dismissal of a case with or without prejudice. *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (district court may "fashion appropriate sanction for conduct" including "outright

dismissal"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962) (trial court has authority to dismiss for lack of prosecution in order to prevent undue delay in disposing pending cases and avoiding congestion in court calendars); *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (court may dismiss under Rule 41(b) for failure to prosecute or comply with the civil procedure rules or court orders); *Sambrano v. Opferbeck*, 2012 WL 1946844 (D.Ariz. May 30, 2012). "The threat of sanctions promotes compliance with a court's orders even if the sanctions threatened are never imposed." *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 152, 211 P.3d 16, 30 (Az.Ct. App. 2009) (concluding trial court did not abuse its discretion in striking plaintiff's reply, dismissing his cross-claim, and entering judgment in favor of defendant) (citing federal and state cases dismissing pleadings based on a party's failure to comply with court orders). Moreover, Rule 16(f)(1)(C) permits the district court to sanction a party who "fails to obey a scheduling or other pretrial order." Rule 16(f)(1)(C), Fed.R.Civ.P.

Federal Rule of Civil Procedure 41(b) provides that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. . . ."[1] A trial court has "broad discretion in the matter of dismissing an action for want of diligent prosecution." *Schmidt v. Wallenius Line*, 455 F.2d 1088 (9th Cir. 1972). Under Rule 41(b), the court must consider the following five factors before dismissing an action for failure to prosecute: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-61.

A district court's inherent authority to sanction parties for failing to comply with its orders exists, in part, to prevent "disobedience [of] the orders of the Judiciary, regard-

---

[1] "[T]he plain language of Rule 41(b) suggests that such dismissals may only result from a defendant's motion, . . . the consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances." *Hells Canyon*, 403 F.3d at 689 (citations omitted).

- 3 -

less of whether such disobedience interfered with the conduct of trial." *Chambers*, 501 U.S. at 44 (internal quotation marks and citation omitted). "Dismissal of the complaint for failure to comply with the rules [is] within the court's discretion." *Sergio Bautista et al. v. Los Angeles County*, 216 F.3rd 837, 841 (9th Cir. 2000) (citation omitted); *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995) (The public's interest in expeditious resolution of litigation, a court's need to manage its docket, the risk of prejudice to an adverse party for the failure to comply with court orders, the public policy favoring disposition on the merits, the availability of lesser sanctions, the bad faith of a non-compliant party, and the relationship between improper conduct and the case's merits warrant the consideration of sanctions).

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, mandates the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf Tech. Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Additionally, federal judges "are subject to the injunction of Rule 1 [Federal Rules of Civil Procedure] that [the Rules] 'be construed to secure the just, *speedy* and *inexpensive* determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, (1979) (emphasis in original).

To date, Plaintiff has failed to comply with the Court's May 4, 2012 Notice of Assignment and Order to consent to a magistrate judge or elect a district judge, doc. 4, the Court's Order to file an Amended Motion for Leave to Proceed *in forma pauperis* or pay the $350.00 filing fee, doc. 5, or respond to the Court's Order to Show Cause, doc. 6, regarding Plaintiff's failure to comply with the Court's Order.  Plaintiff's multiple failures to timely comply with Judge Anderson's orders are frustrating the speedy and inexpensive resolution of this case mandated by Rule 1, Fed.R.Civ.P., and the District Court of Arizona's responsibilities under CJRA. Plaintiff's *pro se* status does not discharge her obligation to "abide by the rules of the court in which [she] litigate[s]."

1  *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

2  Applying the above set-forth factors in Rule 41(b), Fed.R.Civ.P., to the instant
3  action, the first two factors - public interest in expeditious resolution of litigation and the
4  need to manage the court's docket - weigh in favor of dismissal. The third factor -
5  prejudice to defendants - also weighs in favor of dismissal. In fact, "[t]he failure to
6  prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a
7  showing of actual prejudice to the defendant . . . ." *In Re Eisen*, 31 F.3d 1447, 1452 (9th
8  Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

9  The fourth factor - the public policy in favor of deciding cases on their merits -
10 ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move her
11 case towards disposition at a reasonable pace and to avoid dilatory and evasive tactics.
12 *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged
13 this responsibility, despite having been granted sufficient time to do so. In these circum-
14 stances, the public policy favoring resolution of disputes on the merits does not outweigh
15 Plaintiff's failure to obey court orders or file an amended complaint stating a plausible
16 claim within the reasonable time allowed. Furthermore, having considered her *pro se*
17 status, the Court liberally construed Plaintiff's Complaint, and found that it was subject to
18 dismissal without prejudice for failure to state a plausible claim.   *See Bell Atlantic Corp.*
19 *v. Twombly*, 550 U.S. 544 (2007). Plaintiff was given a fair opportunity to amend her
20 Complaint as required by Ninth Circuit precedent. *Schrock v. Federal Nat'l Mortg. Ass'n*,
21 2011 WL 3348227, * 9 (D.Ariz. August 3, 2011) (quoting *Lopez v. Smith*, 203 F.3d 1122,
22 1127 (9th Cir. 2000)). As she was informed, while *pro se* pleadings are liberally con-
23 strued, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still
24 comply with the Federal Rules of Civil Procedure and court orders. (Doc. 16 at 2) *See*
25 *Carter*, 784 F.2d at 1008 (9th Cir. 1986).

26 The fifth factor - availability of less drastic sanctions - also weighs in favor of
27 dismissal. The Court attempted to assist Plaintiff in filing an amended complaint. It was
28 made clear to her the consequences of her failure to do so. The Court cannot move this

- 5 -

1 case towards a final disposition without Plaintiff's compliance with the Court's orders.
2 Plaintiff has shown that she is either unwilling or unable to comply with court orders by
3 failing to comply with the Court's May 4, 2012 Order to consent to a magistrate judge or
4 elect a district judge, doc. 4, the Court's Order to file an Amended Motion for Leave to
5 Proceed *in forma pauperis* or pay the $350.00 filing fee, doc. 5, or respond to the Court's
6 Order to Show Cause. Other possible sanctions for her delay are not appropriate with
7 respect to any litigant; otherwise, court orders would be hollow and meaningless.

8 Under the present circumstances, dismissal without prejudice for failure to
9 prosecute and comply with court orders is appropriate. Such a dismissal should not be
10 entered unless the plaintiff has been notified that dismissal was imminent or a certainty if
11 she failed to comply with a court order. *See West Coast Theater Corp. v. City of Portland*,
12 897 F.2d 1519, 1523 (9th Cir. 1990); *Hamilton v. Neptune Orient Lines Ltd.*, 811 F.2d
13 498, 499 (9th Cir. 1987). Plaintiff was warned of the certainty of dismissal in the Court's
14 May 18, 2012 order if she failed to file a timely opening brief. (Doc. 6 at 3) ("Absent
15 good cause shown, the failure to timely file a pleading showing cause as set forth herein
16 may result in the dismissal without prejudice of this case in its entirety.").

17 After considering that Plaintiff's Complaint fails to state a claim upon which relief
18 may be granted, the adequacy of lesser sanctions, that Plaintiff has been warned that
19 sanctions may be imposed, and after weighing all five *Ferdik* factors to determine if
20 dismissal is appropriate due to Plaintiff's failure to comply with prior court orders, the
21 Court concludes that dismissal of Plaintiff's complaint without prejudice is appropriate
22 and just under the circumstances of this case.

23 Pursuant to General Order 11-3 (Dismissal of a Civil Case Assigned to a United
24 States Magistrate Judge Absent Voluntary Consent by the Parties Under 28 U.S.C. §
25 636(c)(1)),
26 ///
27 ///
28 ///

1    **IT IS ORDERED** that Plaintiff's complaint, doc. 1, is **DISMISSED** without
2 prejudice. The Clerk is kindly directed to terminate this case.
3    **DATED** this 9th day of July, 2012.

*Stephen M. McNamee*
Stephen M. McNamee
Senior United States District Judge